UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RODNEY BRANHAM,

        Plaintiff,                     Case No. 2:06-cv-262

v.                                         Honorable R. Allan Edgar

DAVID BERGH, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. On February 15, 2007, this Court ordered service of Plaintiff's complaint on Defendants. On April 26, 2007, Defendants Berg, Bergh, Coolman, Immel, Kurtha, LaVigne, Lancourt, Lee, Mason, Nord, Nowaki, Polander, Rapelje, Rife, Salo, Vinning, Weber, Wickstrom, and Wilkins filed a motion for summary judgment (docket #29) on the ground that Plaintiff failed to exhaust his available administrative remedies. In addition, Defendant Holman filed a motion to join in the above motion for summary judgment[1] (docket #39) on May 3, 2007. Finally, Plaintiff has filed motions for summary judgment (docket #43 and #63). Upon review, I recommend that Defendants' motions for summary judgment be denied. In addition, I recommend that Plaintiff's motion for summary judgment be denied.

---

[1] Defendant Holman entitles his motion a motion to dismiss, but because he has asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

**Applicable Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir.), *cert. denied*, 126 S. Ct. 650 (2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.), *cert. denied*, 126 S. Ct. 338 (2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief of the defendant on an affirmative

defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same).  Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## Facts

Plaintiff is presently incarcerated at the Alger Maximum Correctional Facility (LMF). In his *pro se* complaint, he sues Defendants Warden David Bergh, Resident Unit Officer Brian Holman, Resident Unit Manager Curt Rife, Assistant Resident Unit Supervisor Thomas Salo, Lloyd Rapelje, Sergeant Unknown Nowak, Lieutenant Nord, Resident Unit Officer Weber, Resident Unit Officer Lawcourt, Captain Immel, R.N. Mary Hite, Resident Unit Officer Kurtha, Corrections Officer J. Wilkins, Sergeant Lee, Resident Unit Officer Tracy Berg, Resident Unit Officer Lavigne, Resident Unit Officer Mason, Resident Unit Officer Wickstrom, Resident Unit Officer Polander, Resident Unit Officer Vinning, and Resident Unit Officer Coolman.

Plaintiff claims that Defendants conspired to deprive him of his prescribed medications in deliberate indifference to his Pancreatitis, Anemia, and Chronic Obstructive Pulmonary Disease. For relief, Plaintiff requests compensatory and punitive damages.

**Discussion**

Initially, the undersigned notes that Plaintiff has filed a motion to voluntarily dismiss Defendants Salo and Wickstrom from this action (docket #23). The undersigned recommends that this motion be granted and that Defendants Salo and Wickstrom be dismissed from this action.

Defendants claim that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[2], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ R, X. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ FF. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the respondent for Step III grievances

---

[2]The MDOC recently amended Policy Directive 03.02.130 on July 9, 2007. However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id.*

In addition, the grievance policy provides that, where the grievance alleges staff brutality or corruption, the grievance may be submitted directly to Step III. *Id.* at ¶S. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.*

In their motion for summary judgment, Defendants Berg, Bergh, Coolman, Immel, Kurtha, LaVigne, Lancourt, Lee, Mason, Nord, Nowaki, Polander, Rapelje, Rife, Vinning, Weber, Wilkins and Holman assert that they are entitled to summary judgment because Plaintiff failed to properly exhaust his administrative remedies. In Plaintiff's complaint, he states that administrative remedies were not available because his claims were non-grievable. Defendants state that Plaintiff's claims that he was not properly fed and that he was retaliated against are grievable issues. Defendants attach a copy of the policy directive addressing exhaustion in support of their claim. However, Defendants do not attach any other documents and rely solely on the attachments to Plaintiff's complaint.

In response to the motion for summary judgment, Plaintiff contends that he did in fact file grievances on the issues raised in his complaint. Plaintiff attaches copies of numerous grievances and responses to his brief. As noted above, the burden is on Defendants to show that Plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. Exhaustion is no longer a pleading requirement. The Supreme Court also rejected total exhaustion, holding that when

a defendant establishes lack of exhaustion as an affirmative defense, only the unexhausted claim may be dismissed. The fact that Plaintiff attaches grievances to his complaint or to other pleadings that may not show exhaustion of every issue presented is of no consequence, because Plaintiff has no duty to show exhaustion. The burden lies solely with a defendant to show that Plaintiff failed to exhaust grievance remedies. It is each defendant's responsibility to support a motion for summary judgment with specific reasons why a issue should be dismissed for failure to exhaust. A general statement that Plaintiff failed to exhaust his grievance remedies will not be sufficient.

Moreover, where Defendants claim that a grievance was not properly filed, it is also Defendants' burden to establish that Plaintiff's grievances were procedurally defective. In *Woodford v. Ngo*, 126 S. Ct. 2378, 2393 (2006), the Supreme Court held that a prisoner fails to satisfy the Prison Litigation Reform Act's (PLRA) exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance. Accordingly, because Defendants Berg, Bergh, Coolman, Immel, Kurtha, LaVigne, Lancourt, Lee, Mason, Nord, Nowaki, Polander, Rapelje, Rife, Vinning, Weber, Wilkins and Holman have not met their burden by attaching documentation supporting their assertion that Plaintiff did not exhaust his claims against them, their motions for summary judgment for failure to exhaust administrative remedies (docket #29 and #39) should be denied.

As noted above, Plaintiff also filed two motions for summary judgment (docket #43 and #63) in this action. However, Plaintiff has failed to show that there is no genuine issue of material fact that he is entitled to judgment in his favor. Therefore, the undersigned recommends denial of Plaintiff's motions. Finally, the undersigned notes that Plaintiff's motion for an extension

of time to file a response to Defendants' motions for summary judgment (docket #62) is properly denied as moot.

## Recommended Disposition

For the foregoing reasons, I recommend that Plaintiff's motion to voluntarily dismiss Defendants Salo and Wickstrom (docket #23) be granted and that Plaintiff's motions for summary judgment and for an extension of time (docket #43, #62, and #63) be denied. I also recommend that Defendants' motions for summary judgment (docket #29 and #39) be denied.

       /s/ Timothy P. Greeley
       TIMOTHY P. GREELEY
       UNITED STATES MAGISTRATE JUDGE

Dated: February 13, 2008

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).