UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RODNEY BRANHAM,

        Plaintiff,        Case No. 2:06-cv-262

v.        Honorable R. Allan Edgar

DAVID BERGH, et al.,

        Defendants.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on January 23, 2009. The Report and Recommendation was duly served on the parties. The Court received objections from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

In his objections, Plaintiff asserts that he could not exhaust administrative remedies because they were not available. However, Plaintiff fails to support this assertion. Moreover, a subjective belief that the process is not available is insufficient to avoid the requirement of exhaustion. *See Parker v. McGinnis*, No. 98-1605, 1999 WL 283900, at *2 (6th Cir. Apr. 27, 1999) ("Finally, Larkins may not ignore the mandatory language contained in § 1997e and attempt to avoid the exhaustion requirement by failing to even attempt to exhaust his administrative remedies, with respect to the allegations raised in his third through seventh causes of action, based upon his subjective belief that he has no available avenues for relief."). A conclusory allegation that the

grievance process is inadequate to provide redress is insufficient. *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Therefore, as noted by the Magistrate Judge in the report and recommendation, Defendants are entitled to summary judgment on Plaintiff's complaint for failure to exhaust administrative remedies. Consequently, Plaintiff's action is properly dismissed without prejudice.

In addition, as noted in the report and recommendation, even if Plaintiff had exhausted his administrative remedies, Defendants would be entitled to summary judgment on the merits of Plaintiff's claims. Plaintiff asserts that the Magistrate Judge erred in recommending summary judgment of his Eighth Amendment claims because his placement on food loaf adversely affected his medical condition. In support of this claim, Plaintiff refers to medical records, which are attached to his motion for summary judgment (docket #43). However, a review of the exhibits attached to Plaintiff's motion for summary judgment reveals that Plaintiff was medically cleared for food loaf restriction. Therefore, Plaintiff's objections regarding his Eighth Amendment claims lack merit.

In Plaintiff's objections regarding his retaliation claims, he merely reasserts the allegations set forth in response to Defendants' motion for summary judgment. For the reasons stated in the report and recommendation, Defendants are entitled to summary judgment on Plaintiff's retaliation claims. Finally, Plaintiff claims that Defendants Rife, Salo, and Bergh were personally involved in the alleged misconduct. However, as noted in the report and recommendation, Plaintiff fails to allege any facts showing such involvement. Therefore, this objection is without merit.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge (Docket #103) is approved and adopted as the opinion of the court.

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

- 3 -

(6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum. Accordingly, should plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.

Dated:      3/11/09                                  */s/ R. Allan Edgar*
                                                      R. ALLAN EDGAR
                                                      UNITED STATES DISTRICT JUDGE